BILAL A. ESSAYLI
Acting United States Attorney
CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division
MARK AVEIS (Cal. Bar No. 107881)
NEIL THAKOR (Cal. Bar No. 308743)
Assistant United States Attorneys
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-4477/6595
     Facsimile: (213) 894-6269
     E-mail:    mark.aveis@usdoj.gov
                neil.thakor@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:25-MJ-3504-DUTY |
|---|---|
| Plaintiff, | STIPULATION: (1) FOR EXCLUDABLE TIME FOR FILING OF INFORMATION OR INDICTMENT PURSUANT TO SPEEDY TRIAL ACT, AND (2) TO MODIFY CONDITIONS OF PRETRIAL RELEASE |
| v. | |
| DAVID JOSE HUERTA, | |
| Defendant. | [No hearing set] |

Plaintiff United States of America, by and through its counsel of record, and defendant David Jose Huerta, ("defendant"), by and through his counsel of record, hereby stipulate as follows:

*Excludable Time*

1.   On June 6, 2025, defendant was arrested on a complaint charging a violation of 18 U.S.C. sec. 372.  (Dkt. 1.)  On June 9, 2025, defendant first appeared on the complaint.  (Dkt. 9.) Defendant waived preliminary hearing.  (Dkt. 5.)  The Speedy Trial

1  Act, 18 U.S.C. sec. 3161 *et seq.,* originally required that an
2  indictment or information be filed by July 6, 2025.
3      2.   On June 29, 2025, the parties stipulated, and the Court
4  found good cause, to exclude time for the filing of an information or
5  indictment to and including August 5, 2025.  (Dkts. 19, 20.)
6      3.   By this stipulation, defendant hereby again waives his
7  rights under 18 U.S.C. § 3161(b), agrees that time should be further
8  excluded, as more fully described below, and moves to continue the
9  date by which an information or indictment must be filed to September
10 19, 2025.
11     4.   The parties agree and stipulate, and request that the Court
12 find the following:
13         a.   The ends of justice outweigh the interest of the
14 public and the defendant in the filing of an information or
15 indictment within the original date prescribed by the Speedy Trial
16 Act because defense counsel represents that:
17              i.   Prior to being able to meaningfully consult with
18 defendant regarding the case, including the possibility of reaching a
19 disposition prior to or concurrent with the filing of an indictment
20 or information in this case, defense counsel will need additional
21 time to confer with defendant; and
22              ii.  Additional time is necessary to confer with
23 defendant, review the discovery and potential evidence in the case,
24 and prepare for trial in the event that a resolution does not occur.
25 Defense counsel represents that failure to grant the continuance
26 would deny defense counsel reasonable time necessary for effective
27 preparation, taking into account the exercise of due diligence.
28

5. Based on the foregoing, the parties request that the Court find that, for the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161(b), within which an information or indictment must be filed, the time period of August 5, 2025 to September 19, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C. § 3161(h) because the ends of justice served by granting a continuance outweigh the best interest of the public and the defendant in a filing of an information or indictment within the period specified in Section 3161(b).

6. The parties further stipulate and request that the Court find that nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an information or indictment must be filed.

*Modification of Pretrial Release Conditions*

7. Defendant was released on certain pretrial conditions that included "additional conditions of pretrial release." (Dkt. 18.)

8. Defendant has fully complied to date with all conditions of his pretrial release.

9. The Probation and Pretrial Services Office has no objection to the proposed modification of defendant's pretrial release conditions.

10. The parties therefore stipulate that all "additional conditions of pretrial release," including pretrial supervision, be removed except for the condition that defendant "[d]o not knowingly be within 100 yards of any federal law enforcement agents or operation except to attend court." (*See* Dkt. 18.)

///

11. The parties agree that the Court shall direct the clerk to prepare a modified Form CR-1 consistent with this stipulation.

IT IS SO STIPULATED.

Dated: August 1, 2025

BILAL A. ESSAYLI
Acting United States Attorney

CHRISTINA T. SHAY
Assistant United States Attorney
Chief, Criminal Division

*Mark Aveis*

MARK AVEIS
NEIL THAKOR
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

Dated: August /, 2025

MARILYN E. BEDNARSKI
Attorney for Defendant
DAVID JOSE HUERTA

DAVID JOSE HUERTA