MARILYN E. BEDNARSKI, SBN 105322
E-Mail: mbednarski@mbllegal.com
McLane, Bednarski & Litt, LLP
975 East Green Street
Pasadena, California 91106
Telephone: (626) 844-7660
Facsimile: (626) 844-7670

Attorneys for Defendant
DAVID HUERTA

WESTERN DIVISION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>DAVID HUERTA,<br><br>　　　　Defendant. | CASE NO.: 2:25-MJ-03504-DUTY<br><br>OPPOSITION TO MOTION TO DISMISS THE COMPLAINT AGAINST DEFENDANT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 48(a) (DKT. 27); DECLARATION OF BEDNARSKI<br><br>Date: October 24, 2025<br>Time: 10:00 a.m.<br>Ctrm: 590 (Roybal Fed. Bldg.)<br>(Magistrate Judge Oliver) |

1 | David Huerta, by and through counsel of record, Marilyn E. Bednarski, files
2 | this partial opposition to the government's motion to dismiss the Complaint
3 | without prejudice (Dkt. 27). Mr. Huerta does not oppose dismissal but submits
4 | that dismissal should be with prejudice.

6 | Dated: October 22, 2025        Respectfully submitted,
7 |                                McLANE, BEDNARSKI & LITT, LLP
8 |                                By:  /s/ Marilyn E. Bednarski
9 |                                     Marilyn E. Bednarski
                                       Attorneys for Defendant Huerta

1

# MEMORANDUM OF POINTS AND AUTHORITES

## I.	Summary of Opposition

David Huerta seeks dismissal with prejudice of the underlying Complaint alleging a violation of Title 18 U.S.C. § 372, a felony, which has now been replaced by the operative charging document, an Information charging a Class A misdemeanor under Title 18 U.S.C. § 1501.

## II.	Procedural Background

On June 6, 2025, David Huerta was arrested outside a gate of the Ambience garment factory in downtown L.A. Dkt. 1, Complaint, 2:25-mj-03504-Duty. Officers could be seen inside the gates detaining and transporting people of color. Decl. Bednarski at ¶ 2. Outside the gate, people had been peacefully gathering, watching and yelling for hours, as was their right. Mr. Huerta was outside the gate for about 30-45 minutes before his arrest. *Id*. The gate opened as an unmarked white van turned off the street entering the driveway to the factory. *Id*. The Complaint alleged that the "protestors, including Huerta, appeared to be communicating with each other in a concerted effort to disrupt the law enforcement operations." Dkt. 1, Complaint at ¶ 9.

The Complaint alleged that Mr. Huerta stood in front of the path of the van (Dkt. 1, Complaint ¶ 23) and that other protestors continued to block the van and had to be removed from its path to permit the van to enter through the gate (Dkt. 1, Complaint ¶ 25). Knowing that he was the president of SEIU USWW, a local service workers union, the U.S. Attorney's office filed a Complaint alleging a felony conspiracy to impede under Title 18 U.S.C. § 372. Dkt. 1, Complaint, 2:25-mj-03504-Duty. Decl. Bednarski at ¶ 4. The video shows that during his arrest, without apparent cause, agents flung Mr. Huerta to the ground and pepper sprayed eyes. *Id*. at ¶ 3. Amongst the dozens of protestors, on information and belief, only Mr. Huerta was arrested and charged that day. *Id*. at ¶ 3.  He was held in custody

over the weekend and released forthwith on a $50,000 bond by the United States Magistrate Judge at his first appearance. Dkt. 9.

At the government's request, the defense agreed to several stipulations to extend the government's deadline to indict to on or before October 17, 2025. Dkts. 19, 21 & 25. On the day that time was to expire, the U.S. Attorney's office filed an Information alleging a one count misdemeanor under Title 18 U.S.C. §1501 (obstruction of a federal process server). Information, Dkt. 1, 2: 25-CR-00841-SB. On October 18, 2025, the U,S, Attorney's Office then filed this motion to dismiss the felony charge without prejudice.  Given the history of this case and its decision to charge only a one count misdemeanor, the Court should dismiss the previous charge with prejudice.

### III. The Court Has the Authority to Dismiss with Prejudice For Unnecessary Delay

Rule 48(a) of the Federal Rules of Criminal Procedure provides in relevant part: "The government may, with leave of court, dismiss an indictment, information, or complaint.

Rule 48(b) of the Federal Rules of Criminal Procedure provides, "The court may dismiss an indictment, information or complaint if unnecessary delay occurs in:

(1) presenting a charge to a grand jury;

(2) filing an information against a defendant; or,

(3) bringing a defendant to trial."

The Advisory Committee notes state that "Rule 48(b) operates independently from the [Speedy Trial] Act. [citation omitted.]" Fed. R. Crim. P. 48(b) (amended 2002) advisory committee's note. The Advisory Committee cited *Balochi*, for the proposition that Rule 48(b) is broader in compass than the Speedy

3

Trial Act. *United States v. Balochi,* 527 F. 2d 562, 563-4 (4th Cir. 1976)(per curiam). *Id.*

      Here, the government makes its motion under Rule 48(a) but specifically requests in its motion the dismissal be without prejudice. Dkt. 27. Mr. Huerta partially opposes the government motion under 48(a) seeking instead dismissal with prejudice and alternatively moves for dismissal with prejudice under 48(b).

      This Court has inherent authority to dismiss under Rule 48(b), and for dismissal by the Court, Mr. Huerta's only burden is to show that delay is unnecessary. A showing of prejudice is not required under Rule 48(b). *United States v. Navarre*, 310 F. Supp. 521, 522 (E.D. La. 1969) ("For dismissal on a nonconstitutional ground under Rule 48(b), the only factor which the defendant must prove is that the delay was unnecessary. There is no need for a showing of prejudice."); *United States v. McKee*, 332 F. Supp. 823, 826 (D. Wyo. 1971) (same).

      Cases applying Rule 48(b) look at whether it was necessary for the government to take additional time to investigate before bringing an indictment. Here this is not a complicated conspiracy case justifying delay. Cf. *United States v. Greer*, 956 F. Supp. 525, 530 (D. Vt. 1997) (finding in denying dismissal under Rule 48(b) that complex investigation into international drug conspiracy made delay necessary) and *United States v. Lopesierra-Gutierrez*, 708 F. 3d 193, 203 (D.C. Cir. 2013), *cert. denied,* 571 U.S. 928 (2013) (complicated conspiracy involving 15 extraditions justified delay in Speedy Trial Act analysis).

      In contrast, the events here arose out of a spontaneous gathering of people protesting ICE arresting garment workers at a downtown LA factory. The issue here is not factual complexity. Indeed, as discovery reveals, the government had an undercover agent taking video and has multiple agent witnesses to the sidewalk events. The nature of the charge and facts are simple and have been in the

government's possession for four and one half months. *Balochi,* 527 F. 2d 562 (dismissing Indictment brought nine months after government moved to dismiss earlier indictment on the same charges); *United States v. Navarre*, 310 F. Supp. 521, 522 (E.D. La. 1969) (dismissing under 48(b) finding that 15-month delay from arrest to bringing assault charge under 18 U.S.C. § 111 was not attributable to defendant and that there was no proof that it was necessary).

## IV. A Dismissal With Prejudice Is the Just Result

Here the government's motion to dismiss does not state its reason, but a reasonable inference is that it wishes to keep its options open with respect to the original § 372 charge. If the dismissal is without prejudice, the charges can be brought again; if with prejudice, they cannot. But allowing additional time to revive a felony § 372 prosecution would be unjust, especially in light of the government's own delays and foot faults in this case.

Mr. Huerta has already had the spurious § 372 felony charge hanging over his head for four and one half months. Enough is enough. Clearly the public accusation of a felony, such as a 372 charge, maximizes anxiety and concern, as it did for four and a half months and will continue to do if dismissed without prejudice. It would be unjust to have the potential of a felony hanging over his head for years when the USAO has had months to thoroughly investigate a simple case and determined it does not have enough to proceed on the felony § 372 charge.

Furthermore, if the government is given the "advantage" of dismissal without prejudice, it leaves open the uncertain potential that if Mr. Huerta is acquitted of the misdemeanor charge, the government can still proceed (i.e., refile) the "dismissed" felony, essentially giving the government two bites at the apple, the second of which would be after it has seen the inside (i.e., the defense). Courts have found that subjecting a defendant to such uncertainty by allowing the

5

government to cure defects in its case warrants dismissal with prejudice in the first instance.

Dismissals without prejudice can enable the government to gain a tactical advantage, which is impermissible under Rule 48(a). See *United States v. Beidleman*, No. CR 25-270, 2025 WL 2803850, at *3 (D.D.C. Oct. 1, 2025)(rejecting government's dismissal without prejudice request under 48(a) of a Complaint and instead dismissing with prejudice to protect the defendant from prosecutorial machinations and harassment.) The *Beidleman* court noted that "[c]ourts in this District have regularly rejected requests for dismissal without prejudice where the government appears to seek a "tactical advantage." *Id*. See also, *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019) (rejecting dismissal without prejudice because the government sought to cure defects in its case and reinitiate prosecution when it was in a better posture, which subjected the defendant to harassment and uncertainty); *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989)(stating if Court finds a dismissal without prejudice would result in harassment the Court "would then instead order a dismissal with prejudice").

A dismissal with prejudice is the only way to protect Mr. Huerta's ability to defend himself on the § 1501 charge without concern for the government using this prosecution to gain a tactical advantage on a different charge should there be an acquittal. See, *United States v. Noble*, 509 F.Supp.3d 399, 413 (W.D. Pa. 2020)(dismissing Indictment with prejudice under Speedy Trial Act stating "government actions designed to gain unfair prosecutorial advantage [citation omitted] . . .weigh heavily in favor of dismissal with prejudice.").

Finally, dismissing without prejudice would render the parties' multiple agreements that the government would make its charging decision by October 17, a nullity. The government should not have its cake and eat it too.

## V.   Conclusion

Here multiple equities weigh in favor of dismissal with prejudice. The government has now made its election of charges and formally filed its case as a misdemeanor. The prior felony Complaint should be dismissed under 48(b) with prejudice.

Dated: October 22, 2025

Respectfully submitted,
McLANE, BEDNARSKI & LITT, LLP

By:  /s/ Marilyn E. Bednarski
    Marilyn E. Bednarski
    Attorneys for Defendant David Huerta

DECLARATION OF MARILYN E. BEDNARSKI

I, Marilyn E. Bednarski, hereby declare the following:

1. I am a member of the bar of the State of California and a partner in the law firm McLane, Bednarski & Litt, LLP. The firm is counsel for Plaintiff in this matter. The law firm of Lowell & Associates, PLLC is co-counseling the defense of Mr. Huerta and the undersigned expects to file a *pro hac vice* application to that effect this week. I submit this declaration in support of defendant David Huerta's Opposition to the government's motion to dismiss the Complaint without prejudice (Dkt. 27) in *U.S. v. Huerta*, 2:25-mj-3504-Duty. The following facts are true and correct to the best of my knowledge, based on my review of the discovery in this case and the inferences drawn therefrom.

2. I was provided and reviewed discovery in this matter which included multiple videos taken by an undercover officer planted on the sidewalk outside the gate to the Ambience apparel factory on June 6, 2025. It is apparent from the perspective of the videos that the undercover officer was walking around on the sidewalk amongst the civilians who had been gathering outside the gate to the Ambience apparel factory. His videos begin hours before and include the arrest of David Huerta. The videos show that someone standing on the sidewalk could easily see through the driveway gate which gate is made of vertical metal bars several inches apart, and could see officers inside the gates detaining and transporting people of color. It appears from the videos that David Huerta was outside the gate for about 30-45 minutes before his arrest. One of the videos shows the gate opening as an unmarked white van turns off the street entering the driveway to the factory

3. Amongst the dozens of protestors at that location, on information and belief, only Mr. Huerta was arrested and charged that day. The video shows that

during his arrest, without apparent cause, agents flung Mr. Huerta to the ground and pepper sprayed eyes.

4. I also reviewed reports of the events that were provided in discovery. Those reports include that David Huerta told an agent interviewing him after his arrest while still on the Ambience premises that that he was the president of SEIU USWW, a local service workers union. A search warrant directed to SEIU USWW for his phone and provided to me the night of June 6, 2025 corroborated that the government knew of his employment at the union.

I declare under penalty of perjury that the foregoing is true and correct to the best of by knowledge.

Signed this 22nd day of Oct., 2025 at Pasadena, California.

By, /S/ Marilyn E. Bednarski
MARILYN E. BEDNARSKI